Spalding, J.
We have carefully read the bill, answer, exhibits and testimony in this case, and have considered the arguments of counsel. The action of the court upon the *419 circuit meets with our approbation. There are some questions of minor importance, raised by counsel for complainants, which will not be noticed further than to say that, in our opinion, they were properly ruled against the complainants.
The great objection presented, to us is, that the assessment of eighty-two dollars and sixty-one cents, as a tax upon lot No. 120, in Lebanon, by the mayor, recorder and trustees of that town, was not authorized by law; or, if sanctioned by legislative enactment, was in violation of the constitution, and therefore void.
The 15th section of the act to incorporate the town of Lebanon, passed Eeb. 14, 1846, provides, that “ the town council shall have power by ordinance or ordinances, duly published, to require all owners of a lot, lots, or part of a lot in said town, to make pavements or side-walks, of such width, and on such streets, and in conformity with such grade, as the town council shall direct, and with good and substantial curbing thereto; and also to make such suitable and substantial gutters in front of such pavements or side-walks, as said town council may direct ; and also to alter, amend or repair such pavements, sidewalks, curbing and gutters, as now are or hereafter may be made or constructed.”
Section 16 contains the following provision:
“ If any owner or owners of a lot, lots, or part of a lot, as aforesaid, within said town, shall neglect or refuse to construct or make a pavement, side-walk, or gutter, with the necessary curbing, or to alter, amend, or repair the same, when required so to do in accordance with the preceding section of this act, and within the time prescribed by the town council, the said town council may then proceed to construct and make such pavement, side-walk, or gutter, with the necessary curbing, or to alter, amend, or repair the same, and may recover the costs and expenses thereof against the proprietor, if a resident, by action of assumpsit, in any court having cognizance thereof, with costs of suit; and if the propri *420 etor be a non-resident, the costs and expenses thereof shall be assessed as a tax on the premises, and the amount thereof certified to the auditor of Warren county, who shall charge the same on the duplicate to such non- resident proprietor,” etc., etc.
On the 27th of May, 1846, the council adopted an ordinance entitled “ an ordinance further to improve the side-walks in the town of Lebanon,” the first section of which ordained that “ the owners of lots in said town, who had not, previous to the passage of said ordinance, curbed and paved their respective side-walks, should, before the 20th day of August next thereafter, substantially improve their respective side-walks and gutters in the manner therein specified.”
And it was prescribed that, on “ Warren street, the walks should be curbed, graveled and gutter-paved, from Broadway, east to High street, on both sides,” * * * and that “ Mechanic street should be guttered, curbed, and the walks paved, either with stone or brick, on both sides, from Main to Warren.” *****
In section 2, it was made the duty of the marshal of the town to'superintend the work, and to see that it was done in a workmanlike manner, and with good materials.
In section 3, it was provided that if the owner of' any lot should refuse or neglect to have the work done within the time specified, the marshal should immediately proceed to have said work done, and the owner of said lot should be charged with the cost of the same, etc.
It appeared that the complainants having neglected to make the necessary pavement on the west and north sides of lot No. 120, the same was done by the marshal, at an expense of eighty-two dollars and sixty-one cents, which sum was paid by the town council on the 14th of December, 1846.
On the 22d of May, 1849, the mayor, recorder and trustees passed an ordinance laying a tax of one mill on the' dollar, on the real and personal property within the corporation.
*421 They further ordained, in the second section of the same ordinance, “ that the sum of eighty-two dollars and sixty-one cents be assessed as a tax on lot. No. 120, in the town of Leb anon, the property of Elizabeth Bonsall, a non-resident; said sum being the costs and expenses incurred by the town .council of said town in grading, curbing and paving the side-walks and gutters fronting said lot, which said Elizabeth neglected to do, as required by an ordinance of said town council, entitled ‘ an ordinance further to improve the side-walks in the town of Lebanon, passed May 27, 1846.’ ”
This was certified to the auditor, and the amount was charged on the duplicate to Elizabeth Bonsall.
We see nothing wrong in this proceeding. It will take a' bold man to say that all our municipal corporations are unconstitutional. If they are to exist at all, it seems indispensably necessary that they exercise, to a limited extent, the sovereign power of taxation. Especially is it necessary that they have power to grade and pave their streets and alleys. The least onerous way in which these improvements can be made, in our small towns, is to impose upon the proprietors of lots, more immediately benefited by the work, the duty of grading and paying the walks, etc., contiguous to their own premises. .
There is nothing in this which partakes of the character of a “ special” or “ discriminating” tax.
The duty is a general one, imposed upon all the citizens and proprietors of lots alike. It is only when the individual fails to perform his duty under the general ordinance, and neglects to make the pavement in front of his lot, that the proceeding has the appearance of becoming “ speeiccl” and peculiar.
And here it is where the counsel for complainants seem to have become bewildered.
They are astonished that a special tax of $82.61 can be levied on lot No. 120. It is the same, they urge to us, as enacting “ that Gr. Swan shall pay, as a tax on his property, the sum of $10,000 to construct the Central Railroad.
*422 “ It is like the case of Titius,” say the counsel, “ as we find it made in Blackstone.” “ Therefore, a particular act of the legislature to confiscate the goods of Titius, or to attaint him of high treason, does not enter into the idea of a municipal law, for the operation of the act is spent upon Titius only, and has no relation to community in general; it is rather a “ sentence” than a law.”
Yery well; let the act of levying the sum of $82.61 upon the lot be called a “ sentence” upon the proprietors of the property. In one sense, the term will be very significant and highly appropriate.
Under their charter, the town council of Lebanon passed a general law or ordinance, that all proprietors of lots situate on Mechanic, and some other streets, should, within a stated period, make side-walks in front of their own premises. All the proprietors of lots interested complied with this ordinance, we may suppose, except the complainants.
What was to be done ? It surely would not answer to leave the side-walk in an unfinished state on account of the neglect of one proprietor. That contingency was foreseen and provided for in the charter. The town council were empowered to perform the necessary work for the lot owner in default, and as a “ sentence ” upon him, and a remuneration to themselves, they were authorized to assess the amount of their expenditure as a tax upon his lot, and to collect the same by means of the county duplicate.
So far from being a law or ordinance bearing upon a single individual, it was simply the means devised by legislative wisdom to compel the individual to an observance of a law operating upon all the citizens alike ; and thus to equalize its burdens.
It is still more preposterous to claim that the proceeding is a violation of the fourth section of the eighth article of the constitution. There is here no appropriation of the property of the citizen to the use of the public. If so, it *423 should surely be paid for. The public, however, have expend ed money to improve the property of the citizen, and it is equally right that the property itself should be held for its reimbursement. The demurrer is sustained, and the bill dismissed with costs.